UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 24-00087-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DESTANE GLASS (01) | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is Defendant Destane Glass's ("Glass") *pro se* request to file a Section 2255 Motion under Seal. See Record Document 539. Glass does not provide the basis for filing the motion under seal. Additionally, the Court finds no compelling interest or anything extraordinary or unusual about Glass's claims to warrant sealing her motion. Her request to file the Section 2255 Motion under seal is **DENIED**.

Glass filed a direct appeal on May 9, 2025. See Record Document 519. She filed an Amended Notice of Appeal on May 22, 2025. See Record Document 538. Her direct appeal is pending at the United States Court of Appeals for the Fifth Circuit. "Absent extraordinary circumstances, a motion to vacate sentence under § 2255 will not be entertained during the pendency of a direct appeal." Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds by United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988). When a defendant files a Section 2255 motion during the pendency of her direct appeal, the collateral attack is usually regarded as premature, "insofar as the collateral claims are not ripe or an appeal may render the collateral claims moot." Welsh, 404 F.2d at 333. Thus, Glass's Section 2255 is **DISMISSED WITHOUT PREJUDICE** as premature. See, e.g., United States v. Zuniga-Salinas, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991) (holding that the district court correctly dismissed without

prejudice the defendant's collateral attack on his conviction pending the outcome of his direct appeal).

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 28th day of May, 2025.

_____
United States District Judge